JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Jason Evans, pro se, appeals from the judgment of the Cuyahoga County Common Pleas Court, rendered after a guilty plea, finding him guilty of trafficking in heroin and sentencing him to four years incarceration. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that appellant was arrested on January 8, 2001. The Cuyahoga County Grand Jury subsequently indicted appellant on one count of trafficking in heroin in an amount equal to or exceeding ten but less than 50 unit doses, with a schoolyard specification, and one count of trafficking in heroin in an amount equal to or exceeding 100 but less than 500 unit doses, with a schoolyard specification, both counts in violation of R.C. 2925.03(C)(2)(b).
 {¶ 3} Appellant subsequently pled guilty to an amended count two, trafficking in heroin with the schoolyard specification deleted, a second degree felony. Count one of the indictment was nolled. The trial court sentenced appellant to four years incarceration,
 {¶ 4} Appellant filed a delayed appeal, raising one assignment of error for our review.
 {¶ 5} Appellant's assignment of error states:
 {¶ 6} "The trial court erred to the prejudice of the appellant when [it] accepted appellant's guilty plea and increased his term of confinement by sentencing him with the wrong felony degree in violation of [his] liberty interest protected by the due process clause of the Constitution of the United States and Article I, Section 16 of the Ohio Constitution."
 {¶ 7} In short, appellant contends that the version of R.C. 2925.03
under which he was indicted, convicted and sentenced was not in effect at the time of his arrest. Appellant asserts that at the time of his arrest, R.C. 2925.03, regarding trafficking in drugs, provided as follows:
 {¶ 8} "(A) No person shall knowingly sell or offer to sell a controlled substance.
 {¶ 9} "* * *
 {¶ 10} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 11} "* * *
 {¶ 12} "(6) If the drug involved in the violation is heroin * * *, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:
 {¶ 13} "(c) Except as otherwise provided in this division, if the amount of the drug involved exceeds one gram but does not exceed five grams, trafficking in heroin is a felony of the fourth degree, and there is a presumption for a prison term for the offense. * * *."
 {¶ 14} Appellant contends that the drugs involved in count two of the indictment weighed less than five grams and, therefore, he should have been sentenced to a fourth degree felony charge of trafficking in heroin, rather than a second degree felony. Appellant's argument is without merit.
 {¶ 15} Am. Sub. S.B. No. 107, effective March 23, 2000, amended R.C.2925.03 as follows:
 {¶ 16} "(A) No person shall knowingly do any of the following:
 {¶ 17} "(1) Sell or offer to sell a controlled substance;
 {¶ 18} "* * *
 {¶ 19} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 20} "* * *
 {¶ 21} "(6) If the drug involved in the violation is heroin * * *, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:
 {¶ 22} "* * *
 {¶ 23} "(e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses * * *, trafficking in heroin is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. * * *."
 {¶ 24} Because this amended version of R.C. 2925.03 was in effect at the time of appellant's arrest, indictment, conviction and sentencing, it is apparent that appellant pled guilty to a second degree felony offense of trafficking in heroin and the trial court properly sentenced appellant to four years incarceration, one of the prison terms specified for a second degree felony. See R.C. 2929.14.
 {¶ 25} Appellant's assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and JAMES J. SWEENEY, J. concur.